IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DIVISION OF TEXAS
BEAUMONT DIVISION

No. 1:10CV180

ROBERT ASHER, et al

                                      Plaintiff,

v.

HARTFORD LLOYDS INSURANCE COMPANY, et al

                                      Defendants.

Order Governing Proceedings and
Directing Parties to Conduct Rule 26(f) Conference

      This case is assigned to the Honorable Ron Clark, United States District Judge, and is referred to the undersigned magistrate judge for pretrial proceedings pursuant to a Referral Order entered on March 29, 2010. **Unless the parties opt for trial before a magistrate judge,**[1] **Judge Clark's procedures and rules of practice will govern this action.** Accordingly, the court establishes deadlines and standards for pretrial proceedings as follows:

**DEADLINES**

Rule 26(f) attorney conference on or before: . . . . . . . . . . . . . .**July 16, 2010**

---

[1] Upon receipt of signed consent forms by all parties, the case shall be reassigned to the undersigned, who shall conduct all proceedings, including jury and non-jury trials, and order the entry of judgment.

    File joint report of attorney conference: . . . . . . . . . . . . . . . . **July 30, 2010**

    Rule 16 Scheduling Conference (Courtroom #5; 10:00 A.M.):
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **August 23, 2010**

## SCHEDULING CONFERENCE

    The case is **SET** for a Rule 16 scheduling conference on . . . **August 23, 2010 at 10:00 a.m. in Courtroom No. 5, Jack Brooks Federal Building, 300 Willow Street, Beaumont, Texas.** Lead counsel for each party, with authority to bind their respective clients, and all unrepresented parties, shall be present. Continuance of the scheduling conference will not be allowed absent a prior showing of good cause or reassignment of the case to a magistrate judge pursuant to the parties' consent.

    Before the scheduling conference, counsel and unrepresented parties should review the **FEDERAL RULES OF CIVIL PROCEDURE** (as most recently amended) and the **LOCAL COURT RULES FOR THE EASTERN DISTRICT OF TEXAS (as most recently amended)**. The local court rules are available on the Eastern District of Texas website (http://www.txed.uscourts.gov).

## RULE 26(F) ATTORNEY CONFERENCE

    Rule 26(f) requires attorneys of record and all unrepresented parties to confer and attempt in good faith to agree on a proposed scheduling order (See attached "Proposed Scheduling Order Deadlines") and to file with the clerk **a joint report** outlining their proposals. The conference may be by telephone.

    Before commencing the Rule 26(f) conference, counsel must discuss settlement options with their clients, including whether an offer or demand should be made at the Rule 26(f) attorney conference. Counsel should also inquire whether their clients are amenable to trial before a United States magistrate judge. Parties willing to consent should submit the appropriate form (appendix "B" to the Local Rules for the Eastern District of Texas) to the district clerk as soon as possible so that the case can be reset for management conference before the magistrate judge to whom the case is assigned.

The parties must include the following matters in the joint conference report:

(1) A brief factual and legal synopsis of the case.

(2) A statement of the jurisdictional basis for the suit.

(3) Confirmation that initial mandatory disclosure required by Rule 26(a)(1) **and this order** has been completed.

(4) Proposed scheduling order deadlines. An attached "Proposed Scheduling Order Deadlines" has standard deadlines. The standard schedule is planned so that there is time to rule on dispositive motions before parties begin final trial preparation. Explain any major deviations from the suggested standard schedule. **<u>Now</u> is the time to inform the court of any special complexities or need for more time before the trial setting.**

(5) If the parties believe mediation may be appropriate, and the parties can agree upon a mediator, the name, address, and phone number of that mediator, and a proposed deadline should be stated. An early date is encouraged to reduce expenses.

(6) The identity of persons expected to be deposed.

(7) Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced

(8) Any issues relating to preserving discoverable information, including electronically stored information.

(9) Whether any other orders should be entered by the Court pursuant to Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 16(b) or Fed. R. Civ. P. 16(c).

(10) Estimated trial time.

(11) The names of the attorneys who will appear on behalf of the parties at the scheduling conference (the appearing attorney must be an attorney of record and have full authority to bind the client).

(12) Any other matters counsel deem appropriate for inclusion in the joint conference report.

### DISCOVERY

**Initial mandatory disclosure** pursuant to Rule 26(a)(1) shall be completed not later than 28 days after the deadline for the Rule 26 attorney conference and **shall include the following in addition to information required by Rule 26(a)(1):**

(1) the correct names of the parties to the action;

(2) the name and, if known, address and telephone number of any potential parties to the action;

(3) the name and, if known, the address and telephone number of **persons having knowledge of facts relevant to the claim or defense of any party**, a brief characterization of their connection to the case and a fair summary of the substance of the information known by such person (may be combined with list of persons required under Rule 26(a)(1)(A) so two lists are not needed);

(4) the authorizations described in Local Rule CV-34; and

(5) **a copy of** all documents, data compilations, witness statements and tangible things in the possession, custody or control of the disclosing party that are **relevant to the claim or defense of any party** (may be combined with disclosures under Rule 26(a)(1)(B) so duplication is avoided). In cases involving a disproportionate burden of disclosure of a large number of documents on one party, the parties may agree on prior inspection to reduce the need for copying. Parties are encouraged to agree upon provision of information by electronic means.

*See* Local Rule CV-26(d) for meaning of "**relevant to the claim or defense of any party.**"  A party that fails to timely disclose such information will not, unless such failure is harmless, be permitted to use such evidence at trial, hearing or in support of a motion.  A party is not excused from making its disclosures because it has not fully completed its investigation of the case.

Discovery shall not commence until the deadline set for the attorneys to confer under Rule 26(f).  *See* Fed. R. Civ. P. 26(d).  **Depositions may be taken, and initial mandatory disclosure <u>shall</u> occur, before the Rule 16 scheduling conference**, so that counsel are in a position to intelligently discuss additional required discovery, and scheduling of the case.  Following the scheduling conference, the Court will enter a scheduling order setting deadlines controlling disposition of the case.

The fact that the scheduling order will have a deadline for completion of discovery **is NOT an invitation, or authorization, to withhold documents or information** required to be disclosed as part of initial mandatory disclosure, under the guise of "supplementation."  Attorneys are expected to review their client's files and to conduct at least preliminary interviews of their clients and potential witnesses under their control, so as to fully comply with the initial mandatory disclosure requirements by the deadline set in this order.  This will allow experts to be timely identified and prepared to testify, witnesses to be efficiently deposed, and any follow-up paper discovery to be completed by the deadline to be set for completion of discovery.  The court expects that, in most cases, after reading the pleadings and having a frank discussion of the issues and discovery during the Rule 26 attorney conference, a review of the opposing party's initial disclosures should alert an attorney to any remaining information which should have been disclosed, so that such information can be provided before the Rule 16 scheduling conference.  A party asserting that any information is confidential should immediately apply to the court for entry of a protective order.  Unless a request is made for modification, the court will use the form found at the Eastern District website.

### Failure to Serve

Any defendant who has not been served with the summons and complaint within **130 days** after the filing of the complaint **shall be dismissed, without further notice**, unless prior to such time the party on whose behalf such service is required shows good cause why service has not been made.  (*See* Fed. R. Civ. P. 4(m).)

### FICTITIOUS PARTIES

The name of every party shall be set out in the complaint (Fed. R. Civ. P. 10(a)). The use of fictitious names is disfavored by federal courts. *Doe v. Blue Cross & Blue Shield*, 112 F.3d. 869 (7th Cir. 1997). It is hereby **ORDERED** that this action be **DISMISSED** as to all fictitious parties. Dismissal is without prejudice to the right of any party to take advantage of the provisions of Fed. R. Civ. P. 15(c).

### EMERGENCY DISCOVERY DISPUTES

When an emergency arises, the parties should first contact the undersigned in chambers during regular business hours. Only when the undersigned is not available, the parties may contact the Eastern District of Texas Discovery Hotline at (903) 590-1198. *See* Local Rule CV-26(e).

An emergency dispute is one that inevitably will cause expense and delay unless resolved immediately and which arises due to circumstances beyond the parties' control and despite their exercise of due diligence in complying with the deadlines and standards of practice established by this order. Requests to extend scheduling order deadlines or to expand discovery are not emergency discovery disputes.

### SETTLEMENT

Plaintiff's counsel shall immediately notify the court upon settlement.

### COMPLIANCE

Attorneys and *pro se* litigants who appear in this Court must comply with the deadlines set forth in the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of Texas and this order. A party is not excused from the requirements of a Rule or scheduling order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure, or because another party has failed to comply with this order or the rules.

Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure, or this order may result in the exclusion of evidence at trial, the imposition of sanctions by the court, or both. (Counsel are reminded of Local Rule AT-3, particularly AT-3(I) & (J)).

**SIGNED this the 13th day of May, 2010.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

|  |  |  |
|---|---|---|
| V. | § § § § § § | NO. |

### PROPOSED SCHEDULING ORDER DEADLINES

The following actions shall be completed by the date indicated.[2] (The times indicated are the standard for most cases. Counsel should be prepared to explain the need for requested changes)

_____ Deadline to add parties.
(6 weeks after sched. conf.) (A motion for leave is required when adding a party that destroys the court's jurisdiction).

Deadline for motions to transfer.

_____ Mediation should occur by this date.

_____ Plaintiff's disclosure of expert testimony pursuant to
(10 weeks after sched. conf.) Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b).

---

[2] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Fed. R. Civ. P. 6, the effective date is the first federal court business day following the deadline imposed. All deadlines shall be as of 4:00 p.m., on the day specified. If delivery of a document or other item is required, and counsel chooses to mail the same, it shall be deposited, properly addressed and postage pre-paid, in a mailbox or at a post office, at least three (3) days before the indicated deadline, on a day mail is scheduled to be picked up by the postal service at that location, and at a time before the last scheduled pickup.

| | |
|---|---|
| _____<br>(12 weeks after sched. conf.) | Deadline for Plaintiffs to file amended pleadings. (A motion for leave to amend is not necessary, except as otherwise provided herein). |
| _____<br>(14 weeks after sched. conf.) | Defendant's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b). |
| _____<br>(6 weeks after disclosure of an expert is made) | Deadline to object to any other party's expert witnesses.<br><br>Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection. |
| _____<br>(14 weeks after sched. conf.) | Deadline for defendant's final amended pleadings. (A motion for leave to amend is not necessary, except as otherwise provided herein). |
| _____<br>(14 weeks after sched. conf.) | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |
| _____<br>(24 weeks after sched. conf.) | All discovery shall be commenced in time to be completed by this date. |
| _____<br>(5 weeks before docket call) | Notice of intent to offer certified records. |
| _____<br>(5 weeks before docket call) | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (*See* Local Rule CV-16(b)) and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in nonjury cases). |
| _____<br>(4 weeks before docket call) | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall file a disclosure identifying the line and page numbers to be offered. All other parties will have ten days to file a response requesting cross examination line and page numbers to be included. Any objections to |

9

|  |  |
|---|---|
| | testimony must be filed ten days prior to the Final Pretrial Conference.  The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties designations and the court's rulings on objections. |
| _____<br>(3 weeks before docket call) | Motions in limine due<br>File Joint Final Pretrial Order (See Local Rules - Appendix D).<br><br>File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law). |
| _____<br>(2 weeks before docket call) | Response to motions in limine due.[3]<br><br>File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.[4]  (This does not extend deadline to object to expert witnesses.)  If numerous objections are filed, the court may set a hearing prior to docket call. |
| _____<br>(1 week before docket call) | Pre-marked exhibit list due (Obtain form from website or District Clerk's Office). |
| Date will be provided by Court, see attached list.  Usually 9 months from scheduling conf. | Docket call and Final Pretrial at 9:00 a.m.<br><br>Date parties should be prepared to try case. |
| Day after Docket call | 9:00 a.m. Jury Selection and Trial.  Case will be tried in order with other cases on the docket. |

---

[3]  This is not an invitation or requirement to file written responses.  Most motions in limine can be decided without a written response.  But, if briefing is needed on a particularly difficult or novel issue, the Court needs some time to review the matter.

[4]  Objections not made at this time, with the exceptions of objection under Federal Rules of Evidence 402 and 403, may be deemed waived.

**FINAL PRETRIAL AND JURY SELECTION DATES FOR 2011**
**JUDGE RON CLARK - BEAUMONT AND LUFKIN**

| Beaumont | Lufkin |
|---|---|
| 1/3/11  FPT at 9:00 a.m. | 1/3/11  FPT at 1:30 p.m. |
| 1/4/11  JS at 9:00 a.m. | 1/10/11  JS at 10:30 a.m. |
| | |
| 2/7/11  FPT at 9:00 a.m. | No Lufkin FPT -EXCEPT PATENT CASES |
| 2/8/11  JS at 9:00 a.m. | Emergency date for criminal docket: |
| | 2/7/11  FPT at 1:30 p.m. |
| | 2/14/11  JS at 10:30 a.m. |
| | |
| 3/7/11  FPT at 9:00 a.m. | 3/7/11  FPT at 1:30 p.m. |
| 3/8/11  JS at 9:00 a.m. | 3/14/11  JS at 10:30 a.m. |
| | |
| 4/4/11  FPT at 9:00 a.m. | No Lufkin FPT -EXCEPT PATENT CASES |
| 4/5/11  JS at 9:00 a.m. | Emergency date for criminal docket: |
| | 4/4/11  FPT at 1:30 p.m. |
| | 4/11/11  JS at 10:30 a.m. |
| | |
| 5/9/11  FPT at 9:00 a.m. | 5/9/11  FPT at 1:30 p.m. |
| 5/10/11  JS at 9:00 a.m. | 5/16/11  JS at 10:30 a.m. |
| | |
| 6/6/11  FPT at 9:00 a.m. | No Lufkin FPT -EXCEPT PATENT CASES |
| 6/7/11  JS at 9:00 a.m. | Emergency date for criminal docket: |
| | 6/6/11  FPT at 1:30 p.m. |
| | 6/13/11  JS at 10:30 a.m. |
| | |
| 7/5/11  FPT at 9:00 a.m. (Tuesday) | 7/5/11  FPT at 1:30 p.m. (Tuesday) |
| 7/6/11  JS at 9:00 a.m. (Wednesday) | 7/11/11  JS at 10:30 a.m. |
| | |
| 8/1/11  FPT at 09: 00 a.m. | No Lufkin FPT -EXCEPT PATENTCASES |
| 8/2/11  JS at 9:00 a.m. | Emergency date for criminal docket: |
| | 8/1/11  FPT at 1:30 p.m. |
| | 8/8/11  JS at 10:30 a.m. |
| | |
| 9/7/11  FPT at 9:00 a.m. (Wednesday) | 9/7/11  FPT at 1:30 p.m. (Wednesday) |
| 9/8/11  JS at 9:00 a.m. (Thursday) | 9/12/11  JS at 10:30 a.m. |
| | |
| 10/3/11  FPT at 9:00 a.m. | No Lufkin FPT -EXCEPT PATENT CASES |
| 10/4/11  JS at 9:00 a.m. | Emergency date for criminal docket: |
| | 10/3/11  FPT at 1:30 p.m. |
| | 10/12/11  JS at 10:30 a.m. (Wednesday) |

11/7/11  FPT at 9:00 a.m.  
11/8/11  JS at 9:00 a.m.

12/5/11  FPT * at 9:00 a.m.  
12/6/11  JS at 9:00 a.m.

11/7/11  FPT at 1:30 p.m.  
11/14/11  JS at 10:30 a.m.

No Lufkin FPT**  
Emergency date for criminal docket  
12/5/11  FPT at 1:30 p.m.  
12/12/11  JS at 10:30 a.m.

(*No civil trials in December)

(**No civil trials and only criminal cases with Speedy Trial Problems)